

Opinions of the United
States Court of Appeals
for the Third Circuit

1-18-2002

# USA v. Joseph

Precedential or Non-Precedential:

Docket 1-1561

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Joseph" (2002). *2002 Decisions.* Paper 22.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/22

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-1561
_____

UNITED STATES OF AMERICA

v.

EDISON JOSEPH,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 1-cr-00071-02
(Honorable Sylvia H. Rambo)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 11, 2001

Before:  BECKER, Chief Judge,
SCIRICA and GREENBERG, Circuit Judges

(Filed  January 17, 2002)

_____

MEMORANDUM OPINION
_____

SCIRICA, Circuit Judge.

    Defendant Edison Joseph pled guilty under a plea agreement to conspiracy to
possess with intent to deliver more than fifty grams of crack cocaine and one kilogram of
heroin in violation of 21 U.S.C.   846.  Joseph was sentenced to 71 months
imprisonment followed by five years' supervised release.  He was also fined $650 and
ordered to pay a $100 special assessment.

The issue on appeal is whether the District Court abused its discretion in only departing downward from the 120 month mandatory minimum sentence and the 87 to 108 month guideline imprisonment range to a sentence of 71 months based on defendant's substantial assistance.

I.

Edison Joseph sold cocaine and heroin for a drug trafficking operation headed by Fernando Candelario and Mario Luis Gonzalez. On February 7, 2000, Joseph sold seven grams of crack cocaine and 13 packets of heroin to an undercover officer for $430. Joseph was arrested on March 9, 2000. In post arrest statements, Joseph admitted to making drug sales from January to March of 2000. A co-defendant, Gabriel Silva Rosario, admitted to selling drugs with Joseph three or four times.

The District Court adopted the facts and sentencing guidelines in the Presentence Report, which set an initial offense level of 29 and placed Joseph within criminal history category I. Joseph's initial sentence guideline range was 87 to 108 months. But the offense carries a statutory mandatory minimum sentence of 120 months. The District Court departed downward under U.S.S.G. 5K1.1 and 18 U.S.C. 3553(e). (Substantial assistance). Joseph's adjusted offense level was 25 and the applicable sentence range was 57 to 71 months imprisonment. The District Court sentenced Joseph to 71 months imprisonment. Joseph contends the District Court should have departed even further based on his "minimal or minor" role in the conspiracy.

II.

We cannot review a District Court's discretionary denial of a downward departure under the sentencing guidelines. United States v. Denardi, 892 F.2d 269 (3d Cir. 1989). Nor do we review the extent of the downward departure. On errors of law we have plenary review. United States v. Torres, 251 F.3d 138, 145 (3d Cir. 2001). Although Joseph alleges legal error, we see no merit to his contention. The District Court exercised its discretion in not considering further departure at sentencing, despite Joseph's failure to object to the presentence report.

The District Court adopted the factual findings and the guideline application in the presentence report. The District Court was only required to explain why it was imposing a sentence below the guideline range. 18 U.S.C. 3553(c). See also Torres,

251 F.3d at 145 ("[18 U.S.C.   3553(c)] requires a sentencing judge to justify explicitly
his or her decision to depart.").  The District Court granted the downward departure and
safety valve departure because of the government's 5K1 motion.  As noted, we lack
appellate jurisdiction to review the extent of the downward departure under U.S.S.G.
3B1.2.

                              III.
     For the foregoing reasons, we will dismiss the appeal for lack of appellate
jurisdiction.

TO THE CLERK OF COURT:
     Please file the foregoing memorandum opinion.


                         /s/   Anthony J. Scirica
                         Circuit Judge